IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OLIVER DUFF III,**

      **Petitioner,**

      **v.**

**FRANKLIN MEDICAL CENTER,**

      **Respondent.**

**CASE NO. 2:15-CV-02987**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner challenges his May 2000 convictions after a jury trial in the Franklin County Court of Common Pleas on two counts of aggravated arson, one count of felonious assault, and one count of failure to comply with an order or signal of a police officer. On February 8, 2001, the appellate court affirmed the judgment of the trial court. The Ohio Supreme Court denied the appeal. The state appellate court also denied Petitioner's application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). Petitioner indicates that in January 2004, he filed a "delayed appeal" challenging imposition of financial sanctions in the Court of Common Pleas. (ECF 1, PageID# 17.) On March 14, 2002, the trial court denied the action. On January 27, 2004, the appellate court affirmed the judgment of the trial court. He filed a petition for a writ of

habeas corpus in the Ohio Supreme Court, which was denied on May 20, 2015.  Petitioner indicates that he filed a "motion to vacate" in the state appellate court.  (PageID# 20.)  Petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney "failed to argue the vagueness of the statutes involved as to the applicability to the defendant and the elements of arson," and argues generally that the state failed to prove all of the elements of the offense(s) charged, and that the statutes under which he was convicted were vague.  (PageID# 18-20.)

Petitioner, however, acknowledges that this is not his first federal habeas corpus petition.  In October 2002, Petitioner filed a petition for a writ of habeas corpus challenging these same convictions.  *See Duff v. Brigano*, Case No. 2:02-cv-01049 (S.D. Ohio).  On June 13, 2003, the Court entered Judgment dismissing the action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  Plainly, therefore, this action constitutes a successive petition.

28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition.  *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997).  Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*).  Under § 2244(b)(3)(A), only a circuit court of appeals has the power

to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

111 F.3d at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

Consequently, the Magistrate Judge **RECOMMENDS** the instant petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

|  |  |
|---|---|
| Date: **November 13, 2015** | **s/ Elizabeth A. Preston Deavers**<br>**Elizabeth A. Preston Deavers**<br>**United States Magistrate Judge** |